UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ANTHONY M. BALL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-250-DCR |
| ) | |
| V. ) | |
| ) | |
| JOHN DEERE CO., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 13, 2006, Plaintiff Anthony M. Ball's filed a motion to remand this action to the Whitley Circuit Court. [Record No. 3] However, based on the plaintiff's pre-trial compliance filed in state court, it appears that the his motion is without merit. Accordingly, the motion to remand will be denied.

**ANALYSIS**

    **1.**    **Amount in Controversy**

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have initially been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). To establish whether the amount in controversy is sufficient to meet the $75,000.00 requirement of 28 U.S.C. §1332(a), the Court must look to state law to determine the nature and extent of the damages to be awarded. State law will dictate what is actually at stake in the case, financially

speaking. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961). A defendant who seeks removal to federal court bears the burden of proof on the issue of whether the amount in controversy requirement has been met. *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

Ball's original Complaint was filed in the Whitley Circuit Court in November 2005. John Deere removed the action to this Court within one year of the original filing date. The Complaint contained no prayer for specific damages beyond $4,000, the jurisdictional minimum of the state circuit court in which it was filed. This is in line with the Kentucky practice of indeterminate pleading in state court.[1] Interestingly, however, the prayer for relief contained a maximum relief figure of $74,000. However, on May 15, 2006, Ball filed his Pretrial Compliance, as directed by the state court. [Record No. 1, Ex. A] In listing his damages, Ball details $77,400 in actual damages, plus $5,000 in attorneys fees and $3,000 in interest. At that time, the claims became removable. As a result, on June 7, 2006, the John Deere Co. filed its notice of removal in this Court. Ball then filed his motion to remand.

In support of the motion to remand, and recognizing the federal court's jurisdictional minimum of $75,000.00 exclusive of costs and interests, Ball has now filed a stipulation indicating that he will not accept damages in excess of $74,000, presumably in the event this case is remanded to state court. [Record No. 4] In doing so, Ball is clearly hoping to divest this Court of jurisdiction over his claim.

---

[1] Rule 8.01(2) of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity.

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 452 (6th Cir. 1996). Consequently, "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90. If the amount in controversy was in excess of $75,000.00 at the time the defendant filed its notice of removal, this Court has jurisdiction over the action.

It is therefore the duty of this Court to determine what the amount in controversy was on June 7, 2006, the day defendant John Deere Co. filed its notice of removal. In determining that amount, the Court takes note that under state procedural rules, plaintiffs can make indeterminate complaints to defeat federal jurisdiction while maintaining an intent to seek recovery beyond that jurisdictional amount. This practice often means a plaintiff can plead indeterminately or even specifically below the jurisdictional requirements merely to defeat federal jurisdiction.[2]

As a general rule, a plaintiff cannot defeat federal jurisdiction simply by agreeing to seek no more than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul*, 303 U.S. at 289-90 ("events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the

---

[2] For a more complete discussion of the difficulties arising from the indeterminate complaint, *see also* Alice M. Noble-Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined from the Face of Plaintiff's Complaint*, 62 Mo. L. Rev. 681 (1997).

district court's jurisdiction once it has attached"); *Ahearn*, 100 F.3d at 453 ("[w]e look at the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").

In this case, Ball specified the damages that he is seeking in the complaint. Specifically, Ball explicitly stated in his complaint that he was requesting relief less than $74,000. [Record No. 3, Ex. 1] The *Rogers* court noted that, in those instances when the plaintiff in his complaint specifically claims *less* than the federal amount in controversy requirement, removal is typically precluded. The Supreme Court has frequently reiterated the long-standing federal rule that the plaintiff is "master of the claim." Therefore, as a general rule, the amount in controversy is determined "from the complaint itself unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *See St. Paul*, 303 U.S. at 283; *Horton*, 367 U.S. at 348.

However, in *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Sixth Circuit noted that these general principles are called into question when states have civil rules identical or similar to Rule 54(c) of the Federal Rules of Civil Procedure. The court noted that these rules may enable a plaintiff to allege an amount lower than the federal amount in controversy requirement in an attempt to defeat federal jurisdiction but actually seek and perhaps obtain damages in excess of that amount. Kentucky has such a rule. Specifically, Rule 54.03 of the Kentucky Rules of Civil Procedure provides that, except in the case of default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Ky. R. Civ. Pro. 54.03. In these

instances, the Sixth Circuit has permitted removal even though the amount prayed for in the complaint is less than the amount in controversy when the defendant establishes that it is "'more likely than not' that . . . damages would exceed $75,000." *Gafford,* 997 F.2d at 158; *Rogers,* 230 F.3d at 873.

In his Pretrial Compliance, Ball lists his total damages as $77,400 plus costs and interests. In response to the removal to this Court, Ball filed a stipulation in this Court that he will not accept in excess of $74,000. [Record No. 4] However, a stipulation filed in this Court would not be binding on Ball if the case were remanded to state court. There, pursuant to Ky. R. Civ. Pro. 54.03, Ball would be entitled to seek recovery in excess of $74,000 regardless of any limitation he might have placed on recovery in his complaint. The stipulation, therefore, can only be construed as an attempt to defeat federal jurisdiction, which defendants have properly invoked pursuant to 28 U.S.C. §1441. As mandated by *Rogers* and *Gafford,* such post-removal attempts to defeat federal jurisdiction are not effective. The Court is persuaded that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum of $75,000.

    **2.**  **Date of Removal**

Plaintiff has also filed what he calls a "supplement" to his motion to remand. [Record No. 7] As this pleading was filed after the Defendant's response, the Court will construe it as a reply. In this reply, Plaintiff alleges that the Defendant has failed to remove this action in a timely fashion. Specifically, Plaintiff argues that pursuant to 28 U.S.C. §1441, Defendant had 30 days from "receipt of the 'initial pleading'" to remove, and has missed this threshold. *Id.*

Defendant received Plaintiff's Pretrial Compliance no earlier than May 12, 2006, the date which Plaintiff's counsel certified mailing the pleading to John Deere. [Record No. 1, Ex. 1] Defendant subsequently removed the case to this Court on June 7, 2006, less than 30 days later. The Court, therefore, presumes that Plaintiff is arguing that 28 U.S.C. §1441 "initial pleading" language requires that cases be removed within 30 days of a defendant first receiving notice they have been sued (by receipt of a copy of the complaint). However, 28 U.S.C. §1446, which governs the actual mechanics of removal, provides for a different deadline in cases which were not initially removable. Section 1446 requires only that a defendant remove within 30 days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b).

Plaintiff's initial complaint in the Whitley Circuit Court claimed a range of damages from $4,000.00 to $74,000.00, below the minimum jurisdictional threshold of this Court. The case was therefore not removable until John Deere received a copy of Plaintiff's Pretrial Compliance which itemized his damages as $77,400.00 on May 15, 2006. The Pretrial Compliance is precisely the type of "other paper" listed in §1446, receipt of which began the 30 day period for John Deere to remove the case to this Court. It did so on June 7, 2006, which is less than thirty days after it received the filing and not greater than one year from the date the matter was originally filed in state court. Thus, removal to this Court was timely.

**CONCLUSION**

The Court being sufficiently advised, it is hereby **ORDERED** that Plaintiffs' motion to remand [Record No. 3] is **DENIED.**

This 16th day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge